IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:21-240-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COTEY HAYNES | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion (ECF No. 817) for compassionate release pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). The defendant seeks a reduction in his sentence on claims of intervening changes in the law, a disparity in his crack to cocaine ratio, and rehabilitation.

The government has responded in opposition (ECF No. 829) asserting that the defendant has not shown extraordinary and compelling reasons for release; he fails to meet the U.S. Sentencing Guideline (U.S.S.G.) § 1B1.13(b)(6) prerequisite; and he has not identified a cognizable change of law affecting his sentence. The government also suggests that the § 3553(a) factors heavily counsel against granting a reduction in the defendant's sentence. The defendant replied to the government's response and this matter is now ripe for review.

## STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v.*

*Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, a newly amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

Most relevant here, subsection (b)(6) of the policy statement addresses the circumstances in which a sentencing disparity can constitute an extraordinary and compelling reason for a sentencing.

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government does not raise the issue of whether or not the defendant has exhausted his administrative remedies, thus the court will proceed to review the matters on the merits.

PROCEDURAL HISTORY

The defendant was one of 14 individuals charged in a 26-count Indictment filed in the District of South Carolina on May 4, 2021 (ECF No. 3). He was charged with the following: Count 1—conspiracy to possess with intent to distribute and to distribute 280 grams or more mixture of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Count 6—possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine base (commonly known as "crack" cocaine), in violation of 21 U.S.C. §§ (a)(l) and 841(b)(l)(C); Count 7—possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); Count 8—possession of a firearm and ammunition in and affecting commerce having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C.

§§ 922(g)(l), 924(a)(2), and 924(e); Count 11—possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine and a quantity of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(C); and Count 12—possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

The defendant pleaded guilty to Count 1 of the Indictment pursuant to a written Plea Agreement (ECF No. 531).

The Presentence Report (PSR) (ECF No. 75) prepared by the U.S. Probation Office determined that the defendant's total offense level was 29. The defendant had 14 criminal history points which placed him at a criminal history category of VI. This yielded a guideline sentencing range of 151 to 188 months.

On November 3, 2022, this court adopted the PSR and granted a variance based upon the 1:1 crack to cocaine ratio. This variance had the effect of reducing the guideline range to 77 to 96 months. However, the court was constrained to sentence the defendant to the mandatory minimum sentence of 120 months and a 5 year term of supervised release. The defendant did not appeal his conviction.

The defendant is 34 years old. On January 17, 2025, he was granted Executive Clemency by President Biden (ECF No. 843) which had the effect of commuting his total sentence down to 70 months imprisonment, leaving intact and in effect the term of supervised release and all other conditions of the sentence. The defendant's anticipated release date

from the BOP is May 2, 2026.

DISCUSSION

I. *Crack to Cocaine Ratio Disparity*

The defendant first argues that the court should reduce the guideline range that would have applied absent the "18:1 mandatory minimum ratio." He contends the sentencing disparity between cocaine and cocaine base constitutes an extraordinary and compelling reason for compassionate release, relying on U.S.S.G. § 1B1.13(b)(5), also known as the "catchall provision." He states that this subsection does not require a defendant to have served 10 years of his sentence, nor does it require legislation to be actually passed. He states that when he was sentenced, the guideline range for possession of at least 280 grams of cocaine base is the same as for possession of 5 kilograms of cocaine, and thus the 18:1 disparity is still in the Guidelines. He asks the court to be sentenced at a 1:1 ratio instead.

In the clerk's minute entry on the court docket for the November 2, 2022 sentencing hearing (ECF No. 692), the entry notes that "Defendant withdraws objection; court adopts the PSR and grants variance of 1:1 ratio of crack and cocaine; defendant is remanded to the custody of the USM." The 2021 Edition of the U.S. Sentencing Guideline Manual was utilized in the PSR calculations. The defendant was held accountable for 1,602.38 kilograms of converted drug weight.

As the government notes, had the defendant been convicted of the firearms offenses in Counts 7 and 12, he would have faced a mandatory 5 years imprisonment per count, to run

5

consecutive to each other and any other sentence imposed. However, despite no cooperation or agreement to cooperate from the defendant, the government dismissed these two firearms counts against the defendant.

In Paragraph 93 of the PSR under the section "Factors That May Warrant a Sentence Outside of the Advisory Guideline System," the PSR notes that "based upon the United States Supreme Court's decisions in *Kimbrough v. United States*, 128 S.Ct. 558 (2007) and *Spears v. United States*, 129 S.Ct. 840 (2009), ordinarily, the court may consider a variance pursuant to 18 U.S.C. § 3553(a) based upon the powder cocaine to crack cocaine disparity. Using a 1:1 ratio between cocaine and crack results in the following guideline calculations:

| | |
|---|---|
| The total Converted Drug Weight becomes 90.12 kg | |
| which corresponds with a base offense level of 22 | 22 |
| +2 for possessing a firearm | +2 |
| Adjusted Offense Level | 24 |
| Adjustment for Acceptance of Responsibility | -3 |
| Total Offense Level | 21 |

Based upon a total offense level of 21 and a criminal history category of VI, the guideline imprisonment range would be 77 to 96 months, before considering the statutory mandatory minimum of 120 months. Accordingly, the guideline imprisonment range would become 120 months and would result in an 8-level variance." (ECF No. 705 at 25).

The defendant argues that the proposed change in the law called the "Equal Act" would reduce the disparity between cocaine and cocaine base for sentencing purposes from 18:1 to 1:1. The defendant acknowledges that the Equal Act is not yet law. For this reason, the court has no authority to enforce a law that has not been enacted. Moreover, this court

has already given the defendant a variance at sentencing based upon a 1:1 crack to cocaine ratio. As a result, the defendant has failed to establish an extraordinary and compelling reason for relief on this claim.

## II. *Rehabilitation*

The defendant contends that his rehabilitation supports a reduction in his sentence to 60 months. He acknowledges that rehabilitation by itself is not an extraordinary and compelling reason to justify a reduction. He states that he has not received any serious infractions of prison rules at the BOP; has completed a number of programs; and does not contemplate a return to the criminal lifestyle upon his release.

This court has considered the defendant's claim of rehabilitation along with his post sentencing conduct, however, rehabilitation alone is insufficient to meet the extraordinary and compelling requirements under compassionate release. This claim is denied.

## III. *Sentencing Factors under 18 U.S.C. § 3353(a)*

The defendant contends that an analysis of the § 3553 sentencing factors in his case supports a reduction of his sentence and that a reduction will make his sentence consistent with those of other cocaine defendants. He argues that it reduces the disparity in the Guidelines, and promotes respect for the law because "when an authority figure is humble enough to admit that a law was unjust and unfair from its inception and corrects the injustice, only respect can be evinced." (ECF No. 817 at 14). Finally, the defendant claims that "the sentence he will have served thus far has provided sufficient deterrence and the opportunity

to have received training and programming to reduce or eliminate his chance of recidivism." *Id*.

To the contrary, the government argues that the § 3553(a) factors heavily weigh against a sentence reduction. The government notes the defendant's criminal history is substantial, involves crimes of violence, firearms offenses, and drug dealing. The defendant's criminal history points from prior convictions totaled 14 which yielded the highest criminal history category of VI.

The government refers to the nature and circumstance of the defendant's instant offense wherein the defendant was arrested by state law enforcement three times in less than a year on charges related to his federal offense. His first arrest in June 2019 involved narcotics and a firearm. His second arrest in September 2019, while on bond,[1] involved a firearm, cocaine, crack cocaine and marijuana. His third arrest in May 2020, while on bond, involved another firearm and marijuana.

The PSR also notes that the defendant has prior convictions involving a 2009 conviction for unlawful carrying of a firearm; a 2011 conviction for kidnaping, strong armed robbery (a violent criminal offense), burglary second degree; a 2016 conviction for possession of a controlled substance, marijuana, methamphetamine or cocaine base, and felon in possession of a firearm; a 2017 conviction for failure to stop for a blue light and possession with intent to distribute marijuana; and a 2018 conviction for unlawful carrying

---

[1] The defendant was not assigned any "status points" under U.S.S.G. § 4A1.1(d).

of a pistol.

While this court is not required to review the § 3553(a) factors if it does not find an extraordinary and compelling reason, it is clear that the defendant has not respected the law and his prior convictions and jail time have not deterred him from continued criminal conduct.

IV. *Intervening Change in the Law*

As is relevant here, U.S.S.G. § 1B1.13(b)(6) declares that if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In addition, § 1B1.13(c) sets out limitations on changes in the law: Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law

(including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

The government first argues that the defendant does not meet the criteria for a sentence reduction under § 1B1.13(b)(6) because this subsection limits consideration of changes in law to defendants who have served at least 10 years of the term of imprisonment. The government states that the defendant has not met the 10 year threshold as his sentence was imposed on November 3, 2022, and because he was sentenced to 120 months, he cannot serve a 10-year sentence.

This court agrees with the government that the defendant cannot meet the new threshold in § 1B1.13(b)(6) because he has not served at least 10 years of his federal sentence. This court may not grant a reduction that is inconsistent with the applicable policy statements issued by the Sentencing Commission in November 2023. Accordingly, no relief can be granted. Moreover, the defendant has failed to point to any specific change in the law that would affect his sentencing guidelines. Accordingly, the defendant has not shown how § 1B1.13(b)(6) would afford him any relief. Thus, the defendant's claim on this argument is without merit.

CONCLUSION

The court has carefully considered the totality of the record before it and conducted an individualized analysis of the facts and issues raised by the parties under the recent changes in sentencing laws and amendments to the Guidelines.

10

In summary, this court does not find an extraordinary and compelling reason for consideration of compassionate release on the defendant's claims, thus, it is not necessary for the court to address the § 3553(a) factors.

For the reasons stated herein, the defendant's motion (ECF No. 817) is respectfully denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 30, 2025                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge